Roane, J.
Wherever a case is fully and fairly tried in a Court of Law, the decision is binding upon the parties, and a re-examination of the cause in a Court of Equity is certainly improper. The parties, by submitting to the decision of that tribunal, must be governed by it, whether it be right or wrong. But this principle will extend to no case, where there has not been a fair trial, as well as a full discussion of the cause.
In this case, the appellee, at the trial in the County Court, offered the bond of Stockdell, as a discount against the demand, which ought certainly to have been allowed. For I cannot consider any part of Morris’s conduct as amounting to a waver of his legal right to insist upon the off-set. His refusal at one time to admit the discount, is satisfactorily accounted for. He had strong reasons for believing that he might oppose the payment of his bond to Stockdell, by the equity growing out of the original contract for which that bond was given.
It appears that the counsel for Morris moved the Court to instruct the jury, that the discount was proper ; this they refused to do, as well as to recommend a special verdict. In consequence of this improper conduct in the Court, the jury found a verdict most obviously against the very right of the case. For I hold it most clear, that either party has a right to demand the opinion of the Court, upon questions of law which may arise during the trial of a cause. Their superintendence in explainingand deciding legal questions, is essential to the proper administration of jus *347 tice, and ought to be exercised, when either party require their interference.
The second motion which was made for a new trial, was not over-ruled by the Court, but for some reason or other, which does not certainly appear, it was abandoned by the defendant. Although there is no testimony in the causé leading to a suspicion that Picket’s offer to,stay execution until an injunction could be applied for, proceeded from an improper motive in him, yet it is highly probable, that it tended to divert Morris, from his purpose of persevering in the motion.
I think the decree ought tó be affirmed.
Carrington J. — It would perhaps seem strange, that a Court of Equity should not possess the power of relieving against a judgment at Law, obviously unjust, and against the right of the cause. In cases of fraud, surprise, accident, trust, and the like, where that Court has complete jurisdiction, it is within its peculiar province to grant relief, where the parties cannot obtain it at Law. It is true, that the party asking for its interposition must shew himself entitled to equity superior to that of the person who has unconscientiously obtained the advantage at Law.
I admit, that the Courts of Law and Equity should be confined within their proper spheres, and that the line which separates their respective jurisdictions should be carefully guarded. With equal jealousy would I watch over and .preserve from violation the trial by jury. But it is not less important, that the Court should exercise those functions which properly belong to them. To the former, belong the uncontroled power of deciding upon facts, and even uoon the law, if it be submitted to them. The province of the latter, is to determine upon ¡hose legal points which come properly before them. It is therefore the duty of the Court to inst¡ ;ct the jun upon the law, when they are required to do so, or to reserve the point if either party desire it. If the opinion of the Cor-t be wrong, there is then a way to get it corrected. If *348 the opinion be right, and yet the jury disregard it, the Court may preserve its privilege by setting aside the verdict.
Can it be contended, that this cause was fully and fail ly tried, when the only important part of the appellee’s case was not decided upon by the jury- ? When the Court refused to state to the jury the law as it respected the discount, they as effectually excluded it from the consideration of the jury, as if they had done it in express terms; for though it was laid before the jury, yet it was a question proper for the decision of the Court, and their refusal to give that decision, kept it out of the view of the jury as the verdict evidently proves. The jury were then mistaken in the law, and being involved in unimportant discussions upon points no way relative to the ' cause, they were allured from the only one which was material.
Independent of this, it is clear that the parties were surprised into the abandonment of their first intention of moving for a new trial, by the offer of Picket to stay executic n until an injunction could be applied for. It cannot be questioned, but that Equity may relieve against the mistakes of a jury, as if they miscalculate, or omit to allow discounts to which the party injured can prove himself entitled.
I think that the case of Ambler v. Wyld, is not distinguishable in principle from this. That cause was determined before a Court of competent jurisdiction, but it was determined improperly. The party aggrieved might have appealed, but he did not; yet this Court decided, that Equity might relieve him against this erroneous judgment of a Court of Law. .
In this case, it is apparent, that there was a struggle for a general verdict, and that the law and right of the case was stifled in the conflict.
I think the decree right, and that it should be affirmed.
Lyons J. — There have been three questions made in this cause; the 1st, has been decided in the case of Norton v. Rose. The 2d is, whether the conduct of *349 Morris has not deprived him of the discount, of which he now endeavours to avail himself, iidly, Whether, if he be entitled to the discount, he can have the benefit of it after the verdict and judgment against him.
Upon the 2d point, it is contended, that Morris, having once refused to admit the discount, he has thereby waved his right to assert it against a bona fide assignee» How far an unqualified refusal might have bound him, It is unnecessary to decide, because I am clear that his conduct did not amount to that. Whether the equity under which he sheltered his refusal to" discount was well founded or not, is not material; it was evidently the cause of his refusal, and it cannot, from the circumstances which attended it, be considered as a mere pretext to avoid the discount. There was at the time, a suit depending in the state of Kentucky, the event of which he could not possibly foreteii. This is sufficient to repel the presumption of an intention to wave. Under these circumstances, it w as a fraud in Stockdell to assign the bond without giving notice of the discount which Morris had against it. Whatever may be the equity of Picket, that of Morris was prior, and equal to It, besides which, he had a legal right to set up his discount. But in fact, Picket must be considered as standing in the shoes of Stockdell, since it was his duty to have inquired of Morris respecting the bond, before he took the assignment of it.
There can be no doubt then of Morrises right to relief, unless he be barred of it by the verdict and judgment at Law, which brings me to the consideration of the third point.
If what I have before stated be correct, it is clear that Morris has a sufficient discount against the claim of Picket, both at Law and in Equity. But it is contended, that he cannot now obtain the benefit of the discount, because he has lost the opportunity which he once had of availing himself of it at Law. But I would ask, when it was, that this opportunity presented itself? At the trial of the cause at Law, he claimed the discount and it was rejected. Considering the question as a legal one, he prayed the opinion of the *350 Court upon It, or if they doubted, that they would recommend a special verdict; they refused todo either. He then tendered a bill of exceptions, which they would not sign. He was equally unsuccessful in obtaining a new trial. What more could he have done? The Superior Court could not relieve him, because nothing was spread upon the record which could avail him there. If behadapplied for a mandamus., or pursued any other method of obtaining relief, save the one he did, an execution might have issued, and he must have experienced in the mean time the effect of an unjust and inequitable verdict. And is it possible that a right thus clearly established, should be destitute of a correspondent remedy ? I thought it was the peculiar province of a Court of Chancery to afford relief, in cases where competent remedy could not be afforded some where else.
I admit, that in this case the party had complete remedy at law; and if the cause had been fully and fairly decided there, equity would not have, interfered. But this was not the' case. The refusal of the Court to decide upon the points which were properly submit-ed to them, prevented a just determination upon the only important question in the cause; and their subsequent refusal to seal the bill of exceptions, shut out the parties from the proper tribunal to have corrected them. Suppose the jury should obstinately decide against the opinion of the Court upon a point of law, or should disregard their recommendation to find a special verdict; there could be no relief in a Court of Law, against two improper verdicts, as a second new trial could not be awarded. Wou’d it not be monstrous to say, that in such cases a Court of Equity could not afford relief?
The Chancellor was not bound to grant a new trial, because being in possession of the whole case, there was nothing to prevent a final decision.
The case of Burrows v. Jemino, 2 Str. Rep. 733, the Chancellor relieved against a judgment, upon a point, which he whs of opinion the Court of Law ought to have decided In favour of the plaintiff in Equity; but *351 he observed, e< that ocher Judges might have been of a different opinion.55
Ambler v. Wyld, is nearly parallel with this; for in that case, as in this, the mischief complained of arose from the error of the Court. Bui there is this difference between them, which renders this a stronger case ; in that, the party might have appealed j in this, he could not, .because the bill of exceptions was not sealed.
This is certainly a hard case upon Picket, but he who trusts most, must submit to bear the consequences of his misplaced confidence.
Decree affirmed.([1])

(1) Terrel v. Dick 1 Call, 546. Woodson et. al. v. Barrett & Co. 2 Hen. & Munf. 88. Stockton v. Cook. Shelton v. Cock et. al. S Munf„ 68.191. Spencer et. al. v. Wilson. Hawkins v. Depriests 4 Munf. 130, 469.